**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID ERIC MILLER, as Administrator of the     :
Estate of DAVID HUMPHREYS MILLER and as     :
Distributee of the Estate of DAVID HUMPHREYS     :
MILLER,     :
    :
                 Plaintiff,     :
    :
          -against-     :
    :
BRAD HAMLETT, THE WRANGLER GALLERY,     :
JAN RUYAN MILLER TRUST, THE SOLOMON     :
FAMILY TRUST, THE ESTATE OF SANDRA L.     :
SOLOMON, and JOHN/JANE DOE,     :
    :
               Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                   MEMORANDUM DECISION
                         AND ORDER

            19 Civ. 11097 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff David Miller ("Plaintiff") brings this action against Brad Hamlett, The Wrangler Gallery, the Jan Ruyan Miller Trust, the Solomon Family Trust, and the Estate of Sandra L. Solomon (collectively, "Defendants"), alleging, in sum, that Defendants possess artwork properly belonging to the estate of Plaintiff's deceased father, which Plaintiff administers. Before this Court is Magistrate Judge Stewart D. Aaron's December 6, 2021 Report and Recommendation ("Report"), recommending that this Court grant Defendants' motion to dismiss. (ECF No. 56, at 4–5.) The Report also recommends that this Court grant Plaintiff leave to file a Rule 16(b) motion to amend his complaint that sets forth good cause to make an amendment at this late stage in the proceedings. (*Id.* at 5–6.)

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

1

## I.    BACKGROUND

Plaintiff is the son of David Humphreys Miller ("Decedent"), an American artist who passed away intestate on August 21, 1992. (Complaint ("Compl."), ECF No. 1, at 4.) As alleged, Decedent was survived by his second wife, Jan Runyan Miller, and two children from his first marriage: Plaintiff and Plaintiff's late sister. (*Id.*)  Decedent's estate consists primarily of Decedent's artwork collection, which Plaintiff alleges is worth at least \$3.8 million dollars. (*Id.*) According to the Complaint, no probate petition or administrative proceedings were filed at the time of Decedent's passing. (*Id.*) Rather, Decedent's entire artwork collection passed by default to his second wife and surviving spouse, Jan Runyan Miller, and from her into the hands of Defendants. (*Id.*) Plaintiff alleges that Defendants have sold some of Decedent's artwork and are in the process of selling the rest of it. (*Id.*)

On March 18, 2019, Plaintiff became the Administrator of Decedent's estate. (*Id.*) According to the allegations in the Complaint, notwithstanding this appointment, Plaintiff has "been denied by Defendants all information regarding the chain of title of Decedent's artwork as well as from the proceeds of all sales of the artwork collection that have been made." (*Id.*) Plaintiff filed the instant action on December 4, 2019, alleging injuries arising from this withholding of information and from Defendants' sale of Decedent's artwork. (*Id.*) Plaintiff's original Complaint did not state any legal claims or causes of action. (*See generally*, Compl.) In a paragraph labeled "RELIEF," Plaintiff asserts ownership over the artwork collection. (Compl. at 5.)

Defendants answered the Complaint on December 10, 2020. (Defs.' Answer, ECF No. 35.) On September 20, 2021, after the close of discovery, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Defs.' Mot., ECF No. 50.)  On December 6, 2021, Magistrate Judge Aaron issued a Report and Recommendation recommending that Defendants'

motion to dismiss be granted but that Plaintiff be provided an opportunity to move for leave to file an amended complaint. (Report at 4–6.)[1]

Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 6–7.) Plaintiff filed timely objections to that portion of the Report recommending dismissal of his claim (Pl.'s Objs. to R. & R. ("Pl.'s Objs."), ECF No. 59), which Defendants opposed (Defs.' Resp. to Pl.'s Objs., ECF No. 60). Neither party filed objections to Judge Aaron's recommendation that Plaintiff be granted leave to move to amend his complaint.

## II.    LEGAL STANDARDS

### A.    Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original

---

[1] Immediately following entry of Judge Aaron's Report, Plaintiff filed a motion seeking leave to amend. (ECF No. 57.) On May 23, 2022, Judge Aaron denied Plaintiff's motion without prejudice on the grounds that it was premature and applied an incorrect standard. (ECF No. 64 at 1.)

briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B.    Rule 12(c) Motion for Judgment on the Pleadings.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020); *see also Ashley v. Gonzalez*, No. 19-CV-6282 (AJN), 2020 WL 7027501, at *2 (S.D.N.Y. Nov. 30, 2020) ("The difference between a Rule 12(b)(6) and Rule 12(c) motion is largely academic because the standard under Rule 12(c) is the same as the standard under Rule 12(b)(6)"). To survive a Rule 12(c) motion, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). To satisfy this "plausibility" requirement, a complaint must do more than make "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the elements of the cause of action must be supported by well-pleaded facts that permit the court to infer "that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In making this assessment, a court "draw[s] all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

## III.    DEFENDANTS' MOTION TO DISMISS IS GRANTED

The Report recommends that this Court dismiss Plaintiff's complaint for its failure to set forth any legal claims. (Report at 4–5.) Plaintiff filed timely objections to the Report. (*See* Pl.'s Objs.) Those objections simply rehashed arguments Plaintiff previously made against dismissal: that he sufficiently pled claims for "fraud/mistake," "unjust enrichment, "conversion,"

4

"constructive trust," and "replevin." (*Compare* Pl.'s Opp. to Def's Mot., ECF No. 53, at 7–10 *with* Pl.'s Objs. at 2–5.) Thus, the Court reviews the Report for clear error.[2] As noted in the Report, Plaintiff's complaint is devoid of any mention of these causes of action, or any others, and is a long way from Rule 8(a)'s requirement that a plaintiff set forth "what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Having reviewed Plaintiff's allegations, this Court agrees with the Report that the Complaint does not state any legal claims, nor does it articulate the relief Plaintiff seeks in this action. Dismissal of this Complaint is therefore appropriate.

## IV.  CONCLUSION

Plaintiff's objections are OVERRULED and Magistrate Judge Aaron's Report is ADOPTED in full. Defendants' motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (ECF No. 50), is GRANTED.[3] The Clerk of Court is directed to close the motion accordingly.

Dated: May 26, 2022
        New York, New York

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge

---

[2] Even if Plaintiff's objections were enough to trigger *de novo* review, the result here would be the same.

[3] Neither party objected to Magistrate Judge Aaron's recommendation that Plaintiff be granted leave to file a motion to amend. (Report at 5–6.) Magistrate Judge Aaron's recommendation is not clearly erroneous, and is therefore adopted as the order of this Court. Plaintiff may seek leave to replead by letter application, attaching a proposed amended complaint, on or before June 24, 2022. Such letter application should set forth good cause to amend at this late stage of the proceedings and show why the amendment would not be futile.