UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DAVID ERIC MILLER, as Administrator of the
Estate of DAVID HUMPHREYS MILLER and as
Distributee of the Estate of DAVID HUMPHREYS
MILLER,

                      Plaintiff,

       -against-

BRAD HAMLETT, THE WRANGLER GALLERY,
JAN RUYAN MILLER TRUST, THE SOLOMON
FAMILY TRUST, THE ESTATE OF SANDRA L.
SOLOMON, and JOHN/JANE DOE,

                    Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 11097 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff David Miller ("Plaintiff") brings this action against Brad Hamlett, The Wrangler Gallery, the Jan Ruyan Miller Trust, the Solomon Family Trust, and the Estate of Sandra L. Solomon (collectively, "Defendants"), alleging, in sum, that Defendants possess artwork properly belonging to the estate of Plaintiff's deceased father, David Humphreys Miller. (*See generally*, Complaint, ECF No. 1.) After the close of discovery, Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 50.) On December 6, 2021, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation to this Court recommending that Defendants' motion be granted but that Plaintiff be allowed, pursuant to Federal Rule of Civil Procedure 16(b), "to file a formal motion to amend setting forth good cause to make this amendment at this late stage of the proceedings—*i.e.*, where discovery is closed and the case is trial ready." (ECF No. 56 at 4–6.) This Court adopted Magistrate Judge Aaron's December 6, 2021 Report in full and referred any motion to amend to Magistrate Judge Aaron for additional report and recommendation. (*See* ECF No. 65 at 5.) Shortly thereafter, on June 24,

1

2022, Plaintiff moved to amend his complaint. (ECF No. 66.) In addressing Rule 16(b)'s "good cause" requirement, Plaintiff attributed his delay in amendment to, first, Defendants' refusal to produce the last Will and Testament for David Humphreys Miller (the "Will"), which Plaintiff described as "fundamental and vital to Plaintiff's decision and ability to proceed in this matter," and second, to ongoing settlement negotiations between the parties. (*Id.* at 2, 7.)

Before this Court is Magistrate Judge Aaron's July 18, 2022 Report and Recommendation ("Report"), recommending that Plaintiff's motion for leave to amend be denied for Plaintiff's failure to establish good cause. (ECF No. 70, at 4–6.) Magistrate Judge Aaron noted first that, despite acknowledging back "in the spring of 2021" that Defendants did not in fact possess the Will, Plaintiff still waited several months—and until after Defendants filed their Rule 12(c) motion—to seek to amend on that basis. (*Id.* at 4–5.) Magistrate Judge Aaron rejected Plaintiff's attempt to attribute his delay to any alleged withholding of documents. (*Id.* at 5.) Magistrate Judge Aaron also refused to accept Plaintiff's excuse that he failed to earlier amend because he and Defendants had been engaged in settlement negotiations. (*Id.*) The law is well-established that such negotiations do not obviate the need to comply with scheduling deadlines.[1] (*See id.*) (collecting cases). Following entry of the Report, Plaintiff submitted brief objections rehashing his arguments regarding Defendants' alleged refusal to produce a Will.[2] (ECF No. 71.)

Magistrate Judge Aaron's findings are well-reasoned and grounded in fact and law.[3] This

---

[1] On January 26, 2021, Magistrate Judge Aaron entered an order directing that "[a]ny amended pleading shall be filed by May 14, 2021." (ECF No. 43 ¶ 2.)

[2] Reports and recommendations are reviewed "for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

[3] Plaintiff's proposed amendments are also futile because Plaintiff's proposed claims are all time-barred. According to Plaintiff's allegations, Plaintiff's father passed away on August 21, 1992, and it was at this point that his art collection improperly passed to Plaintiff's step-mother rather than to Plaintiff. (ECF No.

2

Court has carefully reviewed the Report and finds no error, clear or otherwise.[4] Accordingly, Plaintiff's objections are OVERRULED and Magistrate Judge Aaron's Report is ADOPTED. Plaintiff's motion for leave to amend his complaint, (ECF No. 66), is DENIED.

The Clerk of Court is directed to close the motion accordingly and to close this case.

Dated: October 11, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

66, at 24.) Plaintiff brought this action in 2019, some twenty-seven years after his claim began to accrue. None of the applicable statutes of limitations run that long, under either New York or California law. *See e.g., McNellis v. Raymond*, 420 F.2d 51, 54 (2d Cir. 1970) (six-year statute of limitations for fraud or mistake in New York) (citing N.Y. C.P.L.R. § 213(6)); *KST Data, Inc. v. DXC Tech. Co.*, 836 F. App'x 484, 487 (9th Cir. 2020) (three years for fraud or mistake under California law) (citing Cal. Civ. Proc. Code § 338); *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 512 (2d Cir. 2001) (six-year statute of limitations for unjust enrichment in New York) (citing N.Y. C.P.L.R. § 213(7)); *Wu v. Sunrider Corp.*, 793 F. App'x 507, 510 (9th Cir. 2019) (two-year limitations period for unjust enrichment in California) (citing Cal. Civ. Proc. Code § 339(1)); *Grosz v. Museum of Mod. Art*, 403 F. App'x 575, 577 (2d Cir. 2010) (three-year statute of limitations for conversion under New York Law) (citing N.Y. C.P.L.R. § 214(3)); *In re U.S. Invs. Co. of Am.*, 5 F. App'x 779, 780 (9th Cir. 2001) (same in California) (citing Cal. Civ. Proc. Code §338(c)); *Bice v. Robb*, 324 F. App'x 79, 81 (2d Cir. 2009) (New York law provides a six-year statute of limitations for constructive trust claims) (citing N.Y. C.P.L.R. 213); *Costello v. Atlas Corp.*, 297 F. Supp. 19, 22 (N.D. Cal. 1967) (statute of limitations for constructive trust claims is three years under California law) (citing Cal. Civ. Proc. Code §338(4)). Finally, as to Plaintiff's proposed claim that his father's trust was improperly probated, that probate proceeding occurred in 2006, and Plaintiff is time-barred from challenging it under California Probate Code Section 16061.8, which provides for a 120-day period to contest trusts.

[4] Plaintiff relies on the New York Court of Appeal's decision in *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311 (N.Y. 1991) to suggest that his claims only began to accrue when he first demanded return of his father's artwork. (*See* ECF No. 66, at 30.) That reliance is misplaced. While it is true that the plaintiff-museum in *Solomon* filed suit decades after discovering that its artwork had been stolen, it had only been a few years since the museum discovered *who* was in possession of the stolen pieces, *i.e.*, who to sue. *Solomon*, 77 N.Y.2d at 315–16. Here, by contrast, Plaintiff has been on notice since 1992 that his father's collection passed intestate to his step-mother and then on to Defendants. The cases upon which he relies are therefore not analogous.